## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE LOCATED AT THE OUTBUILDING LOCATED AT THE RESIDENCE OF LYTERIA HOLLIS ON THE PREMISES OF AND SILVER 2015 KIA OPTIMA LX (VIN ) LOCATED ON THE RESIDENCE AND REQUEST FOR SEIZURE OF FIREARMS AND AMMUNITION FOUND WITHIN THE RESIDENCE LOCATED AT | MJ- 23-153 <br><br> **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF WARRANT UNDER RULE 41 TO SEARCH PROPERTY

## AND FOR SEIZURE OF PROPERTY

I, Evan Fischer, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I have been a law enforcement officer for approximately twelve years. I am currently employed with the FBI as a Special Agent and have been since July 31, 2022. I am currently assigned to the Violent Crime Major Offenders squad. I investigate domestic violent incident crimes, which include criminal organization narcotics investigations, bank robberies, commercial / armored car robberies, fugitives, kidnappings, threats and / or assaults of federal officials, police killings, and mass killings. Prior to the FBI, I was employed as an Officer with the Austin Police Department (PD) in Austin, Texas for approximately six years and prior to Austin PD, I was employed as an Officer with United States Customs and Border Protection for approximately five years. I have also received training on obtaining and reviewing electronic records, including telephonic communications. As such, I am an investigative or law enforcement officer of the

United States within the meaning of Title 18, United States Code 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

2. The facts in this affidavit come from my personal observations, training, and experience, as well as information obtained from other agents and witnesses and others associated with this investigation. This affidavit is only intended to show that there is sufficient probable cause for the requested warrant and does not show all of the facts, circumstances, and knowledge of the matters at hand. All dates, times, locations, and amounts are approximate.

### Summary of Affidavit

## PPP Fraud

### Jurisdiction and Venue

Probable Cause for Wire Fraud







Evan Fischer
Special Agent
Federal Bureau of Investigation

THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(A) THIS
_____, JUNE ___, 2023.

HONORABLE KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

12:40 pm

Certified to be a true and
correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By: _Tina Wood_
Deputy Clerk
Date: June 30, 2023

## ATTACHMENT A

### Property to Be Searched

## ATTACHMENT B

### Property to be seized

1.      All records relating to violations of 18 U.S.C. §§ 1343 and 1349, (wire fraud and conspiracy to commit wire fraud, respectively), involving LYTERIA HOLLIS, and occurring around or after March 31, 2021 to present, including:

   a.  Any and all financial records related to loans, bank accounts, real estate, investments, vehicles, income, payroll, expenses, taxes, credit/debit cards, business licenses, or other bills or invoices involving LYTERIA HOLLIS.

   b.  Any and all records and information relating to internet service, telephone service, and/or e-mails associated with LYTERIA HOLLIS.

   c.  Any and all records and information relating to the Small Business Administration, the CARES Act, or the Paycheck Protection Program.

   d.  Any and all records and information relating to passwords, encryption keys, or decryption software involving the communications of LYTERIA HOLLIS. regarding his PPP loans.

   e.  Any bulk currency which may constitute proceeds of LYTERIA HOLLIS' PPP loans.

2.      Computers or storage media used as a means to commit the violations described above, including but not excluding any phone(s) and/or portable electronic devices identified as belonging to, linked to, and/or registered with LYTERIA HOLLIS, including any and all devices in the possession of LYTERIA HOLLIS associated with the email address

3.      For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a.  evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, "chat," instant messaging logs, photographs, and correspondence;

    b.  evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c.  evidence of the lack of such malicious software;

    d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    h.  evidence of the times the COMPUTER was used;

    i.   passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.   documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.   records of or information about Internet Protocol addresses used by the COMPUTER;

    l.   records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m.  contextual information necessary to understand the evidence described in this attachment.

4.    Routers, modems, and network equipment used to connect computers to the Internet.

5.    Any and all contraband and/or fruits, tools or evidence of criminal activity discovered throughout the course of the search.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions,

including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6.  The following firearms and ammunition are to be seized are as follows:

    a.  a Glock .40 caliber pistol bearing serial number

    b.  an AR-15 firearm, manufactured by Diamondback Firearms, LLC, bearing serial number          and

    c.  several rounds of .40 caliber ammunition.